IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Garcia Zenas Martelli Wilson, a/k/a Garcia Zenas Wilson,<br><br>      Plaintiff,<br><br>v.<br><br>Scotty Bodiford, *Jail Administrator*; James Dorreity, *Ass. Administrator*; Tracy Krien, *Medical Administrator*; Nurse Johnson, *Medical Staff*; Officer Marshall, *Greenville County Guard*; Officer Gant, *Greenville County Guard*; Letitia H Verdin, *Chief Administrator Judge*; and Greenville County Detention Center,<br><br>      Defendants. | Civil Action No.: 2:13-cv-199-RMG-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

  The Plaintiff, a pre-trial detainee proceeding *pro se,* brought this action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon Plaintiff's Motion for Preliminary Injunction. (Dkt. No. 10.)

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

  The Plaintiff filed the instant Motion for Preliminary Injunction on or around February 20, 2013. (Dkt. No. 10.) His motion states *(verbatim),*

> Since the filing of my Civil Actions I've been threaten with displinaries and as of 2-15-13 I was placed here in A Segregation Housing unit not knowing what will happen next. I pled with the Courts for some type of relief or change of venue against this Administrative abuse of Authority. If not Im afraid I may suffer irreparable damages. I ask the Courts to please step in.

(Dkt. No. 10.)

The undersigned recommends that Plaintiff's Motion for a Preliminary Injunction (Dkt. No. 10.) be denied. To obtain a temporary restraining order ("TRO") or preliminary injunction, a plaintiff must show:

(1) that he is likely to succeed on the merits,

(2) that he is likely to suffer irreparable harm in the absence of preliminary relief,

(3) that the balance of equities tips in his favor, and

(4) that an injunction is in the public interest.

Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Plaintiff has not established these four factors outlined in Winter or even addressed them. Plaintiff has not shown that he is likely to succeed on the merits, nor has he shown that the balance of equities tips in his favor or that an injunction is in the public interest. See Kendrick v. Bland, 740 F.2d 432, 438 n.3 (6th Cir. 1984) (where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting); see also Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994).

Because Plaintiff has not shown all four Winter factors, the undersigned recommends denying Plaintiff's Motion for Preliminary Injunction. See Winter, 555 U.S. at 20; see also Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991) (noting that the plaintiff "bears the burden of establishing that each of these factors supports granting the injunction" (quoting Technical Publishing Co. v. Lebhar-Friedman, Inc., 729 F.2d 1136, 1139 (7th Cir. 1984))); Z-Man Fishing Prods., Inc. v. Renosky, 790 F. Supp. 2d 418, 434 (D.S.C. 2011) (denying TRO for failure to meet all four elements as outlined in Winter).

## **CONCLUSION**

Wherefore, it is RECOMMENDED that Plaintiff's Motion for Preliminary Injunction (Dkt. No. 10) be DENIED.

IT IS SO RECOMMENDED.

                                                s/Bruce Howe Hendricks  
                                                United States Magistrate Judge

March 29, 2013  
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).