IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| Garcia Zenas Martelli Wilson, a/k/a Garcia Zenas Wilson, ) ) ) ) | |
| Plaintiff, ) ) ) | No. 2:13-cv-199-RMG |
| vs. ) ) | |
| Greenville County Detention Administration and Staff; Jail Administrator Scotty Bodiford; Asst. Administrator James Dorreity; Medical Administrator Tracy Krien; Medical Staff Nurse Johnson; Greenville County Guard Officer Marshall; Greenville County Guard Officer Gant; Chief Administrator Judge Letitia H. Verdin; and Greenville County Detention Center, ) ) ) ) ) ) ) ) ) ) ) | **ORDER** |
| Defendants. ) ) ) ) ) | |

This action comes before the Court with two matters pending. The first is a Report and Recommendation ("R&R") in which the Magistrate Judge assigned to this case, under her initial review pursuant to 28 U.S.C. § 1915, has recommended dismissing certain defendants. (Dkt. No. 16). The second is a motion for a preliminary injunction filed by Plaintiff Garcia Zenas Wilson on February 22, 2013, (Dkt. No. 10), which the Magistrate Judge has recommended denying, (Dkt. No. 20). In this order, the Court adopts both of the Magistrate Judge's Report and Recommendations.

**Background**

Plaintiff is a pretrial detainee at Greenville County Detention Center. He brings this action *pro se* pursuant to 42 U.S.C. § 1983, alleging that on more than one occasion he was administered

incorrect medication by the institution's staff. (Dkt. No. 1 at 3–4). He further alleges that, after each incident, he filed grievances that "were hidden by medical staff" and that other jail administrators promised he would soon be placed on house arrest because of the medicine problem. (*Id.* at 3). Last, he alleges that he continues to suffer from headaches as a result of these incidents. (*Id.* at 4). For relief, Plaintiff requests that he be sent to an outside doctor for treatment, released, and awarded $1.5 million in damages. (*Id.* at 5). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, this case was referred to a United States Magistrate Judge for all pretrial proceedings.

On March 27, 2013, the Magistrate Judge issued an R&R recommending that three defendants in this action be dismissed. (Dkt No. 16). The Magistrate Judge first stated that Defendant "Greenville County Detention, which consists of buildings, facilities, and grounds, is not a 'person' amenable to suit under Section 1983." (*Id.* at 3). Next, she advised that the labeling of "Greenville County Detention Administration and Staff" as a defendant in this action, "without naming specific individuals, is not sufficient to state a claim against a 'person'" under Section 1983. (*Id.*). Third, the Magistrate Judge noted that Defendant Judge Letitia H. Verdin is absolutely immune from Plaintiff's claim for money damages arising out of Verdin's actions taken in a judicial capacity. (*Id.* at 3–4). Based on these observations, the Magistrate Judge recommended concluding that these three Defendants are entitled to dismissal. (*Id.* at 4). Plaintiff did not file objections to this set of recommendations.

Two days later, on March 29, 2013, the Magistrate Judge issued an R&R addressing Plaintiff's motion for a preliminary injunction. (Dkt. No. 20). Plaintiff's motion had been filed on February 22, 2013, and the text of that motion read, in full:

> Since the filing of my civil actions I've been threaten[ed] with disciplinaries and as of [February 15, 2013] I was placed here in a segregation housing unit not knowing what will happen next. I pled with the courts for some type [of] relief or change of venue against this Administrative abuse of authority. If not I'm afraid I may suffer irreparable damage. I ask the courts to please step in.

(Dkt. No. 10). The Magistrate recommended denying Plaintiff's motion because Plaintiff had not established all four factors of the test established in *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008), which is necessary to obtain a preliminary injunction. Specifically, the Magistrate noted that "Plaintiff has not shown he is likely to succeed on the merits, nor has he shown that the balance of the equities tips in his favor or that an injunction is in the public interest." (Dkt. No. 20 at 2). Plaintiff timely filed objections to the R&R, arguing that he has been retaliated against for filing his lawsuit. (Dkt. No. 22). He claims, for instance, that he has been placed in the institution's segregated housing unit "for no apparent reason" and been "banned from receiving any medical attention or psychological care." (*Id.* at 1).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Thus, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Nevertheless, in the absence of specific objections to the R&R, this Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

The Magistrate Judge recommends dismissing certain defendants pursuant to 28 U.S.C. § 1915. Under Section 1915(e)(2)(B), the court shall dismiss a prisoner's action if it determines that

the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Also, Plaintiff seeks a preliminary injunction. Preliminary injunctions are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). In particular, "[p]reliminary relief directed to running a state prison should be granted only in compelling circumstances." *Barnes v. Quattlebaum*, No. 4:08-cv-2197, 2009 WL 3166536, at *2 (D.S.C. Sept. 29, 2009) (*citing Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994)). In evaluating a plaintiff's request for a preliminary injunction, the Court applies the standard set forth under *Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008). *See Scott v. Padula*, No. 0:09-cv-3240, 2009 WL 2579464, at *1 (D.S.C. Aug. 18, 2009). Under that standard, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. A plaintiff must meet all four of *Winter*'s requirements in order to secure a preliminary injunction. *Scott*, 2009 WL 2579464, at *1.

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a *pro se* plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

**Discussion**

**a. Dismissal of Three Defendants pursuant to 28 U.S.C. § 1915 (Dkt. No. 16)**

The Court has reviewed the Magistrate Judge's analysis in the Report and Recommendation of March 27, 2013, and concludes that she correctly applied the relevant law. Defendant "Greenville County Detention" is not amenable to suit under Section 1983. *See Preval v. Reno*, 203 F.3d 821 (Table), 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Further, naming "Greenville County Detention Administration and Staff" as a defendant in this action is too general to state a cognizable claim under Section 1983. And last, to the extent that Plaintiff brings this claim against Defendant Judge Letitia H. Verdin for actions taken in her official capacity, Verdin is absolutely immune from any claim for money damages. In addition, Plaintiff does not allege any specific acts by Defendant Verdin that could be construed to state a claim against her. Accordingly, dismissing these defendants under § 1915 is appropriate.

**b. Plaintiff's Motion for a Preliminary Injunction (Dkt. No. 10)**

Similarly, the Magistrate Judge identified and correctly applied the relevant law to Plaintiff's motion for a preliminary injunction, in which he apparently sought transfer from the Greenville County Detention Center, where he is currently housed. (Dkt. No. 20). Applying the *Winter* test, the Magistrate Judge recommended finding that "Plaintiff has not shown he is likely to succeed on the merits, nor has he shown that the balance of the equities tips in his favor or that an injunction is in the public interest." (Dkt. No. 20 at 2). The Court agrees with that assessment. While the Court does not express any view as to the underlying merits of this action, the Court finds that, to this point, Plaintiff has not shown that he is likely to prevail. Further, Plaintiff does not specify the irreparable harm that he is likely to suffer if the Court does not mandate his transfer from the

Detention Center. He argues that he has been placed in the disciplinary housing unit, that he has been threatened with "disciplinaries," and that he fears he may suffer "irreparable damage." (Dkt. No. 10). He does not, however, specify the harm he fears may befall him, so the Court does not find that he is likely to suffer irreparable harm absent relief. Further, given the vagueness in Plaintiff's explanation of the necessity for a preliminary injunction, in addition to the well settled interest of prison officials in deciding where and how to house detainees and inmates, *see Barnes*, 2009 WL 3166536, at *2, the Court also concludes that the equities tip against granting relief and that an injunction would not be in the public interest. Plaintiffs must meet every *Winter* requirement to secure preliminary relief, *Scott*, 2009 WL 2579464, at *1, and Plaintiff does not meet any of the four.

## Conclusion

For these reasons, the Court adopts the Magistrate Judge's Reports and Recommendations. (Dkt. Nos. 16, 20). In so doing, the Court DISMISSES Defendants Greenville County Detention Center, Greenville County Administration and Staff, and Judge Letitia H. Verdin from this action. Further, the Court DENIES Plaintiff's motion for a preliminary injunction. (Dkt. No. 10).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
April 19, 2013