IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Garcia Zenas Martelli Wilson a/k/a Garcia Zenas Wilson,<br><br>    Plaintiff,<br><br>vs.<br><br>Scotty Bodiford, *Jail Administrator*; James Dorreity, *ASS. Administrator*; Tracy Krien, *Medical Administrator*; Nurse Johnson, *Medical Staff*; Officer Marshall, *Greenville County Guard*; Officer Gant, Greenville County Guard,<br><br>    Defendants. | No. 2:13-cv-199-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 53) recommending that Defendants' motion for summary judgment be granted and Plaintiff's motion for preliminary injunction be denied. For the reasons set forth below, the Court **ADOPTS** the R & R in full. Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 39) is **GRANTED**, and Plaintiff's Motion for Preliminary Injunction (Dkt. No. 38) is **DENIED**.

## Background

Plaintiff brought this Section 1983 claim, alleging that Nurse Johnson gave him the wrong medication and that the other defendants did nothing in response to his complaints. (Dkt. No. 1). Plaintiff also alleges that he has constant headaches that were not treated. (*Id.* at 4). In recommending that the Defendants' motion for summary judgment be granted, the Magistrate Judge found that the negligent administration of the wrong medication does not rise to the level

1

of an Eighth Amendment violation or constitute deliberate indifference, that Plaintiff cannot establish supervisory liability or deliberate indifference by Defendants, and that Plaintiff has not presented any evidence to contradict evidence submitted by Defendants showing Plaintiff's headaches were regularly treated by medical staff. (*See* Dkt. No. 53). Plaintiff timely filed objections. (Dkt. No. 57).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

## Discussion

A. Motion for Summary Judgment

The Court has reviewed the pleadings, the parties' briefing, and the R & R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. The Magistrate Judge correctly found that the negligent administration of the wrong medication does not rise to the level of an Eighth Amendment violation or constitute deliberate indifference. *Barentt v. Luttrell*, 414 Fed. App'x 784, 788 (6th Cir. 2011). As stated in *Chestnut v. S.C. Dep't of Corr.*, "[t]he present complaint provides no facts to indicate that [the defendant] had

2

knowledge that she was giving Plaintiff the wrong medication, or that she disregarded any known risk to Plaintiff's health or safety. Instead, Plaintiff allegations are based on this Defendant's erroneous and inadvertent actions, which do not rise to the level of deliberate indifference." No. 3:10-cv-200, 2010 WL 1052213 at *3 (D.S.C. Feb. 12, 2010), *adopted by* 2010 WL 1052207 (D.S.C. Mar. 19, 2010). Thus, Nurse Johnson is entitled to summary judgment.

Plaintiff's allegations against the remaining defendants are reiterations of the claim that they did not do anything in response to his complaints that Nurse Johnson gave him the wrong medication. However, the undisputed record shows that Plaintiff's grievance prompted an investigation and that when medical staff were unable to confirm whether Plaintiff had received the wrong medication, they reviewed Plaintiff's stated drug allergies to confirm he was not allergic to the medications he claimed to have received.[1] (Dkt. No. 39-3 at ¶ 8). Plaintiff makes only conclusory allegations that defendants were deliberately indifferent; he does not provide any specific facts from which a reasonably jury could infer that the defendants were deliberately indifferent to a known risk of harm. (*See* Dkt. No. 57). Thus, summary judgment is appropriate. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013) (holding that "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence").

Plaintiff also claims that his headaches went untreated. (Dkt. No. 1 at 4). However, Plaintiff's medical records show that he was seen by medical staff multiple times to address his complaints about headaches and that they responded by providing various treatments. (*See* Dkt.

---

[1] Plaintiff claims that "there was no diagnostic test ran [sic] to determine these [allergies]." (Dkt. No. 57 at 2). Defendants do not claim to have run a diagnostic test but to have checked Plaintiff's "stated drug allergies." (Dkt. No. 39-3 at ¶ 8).

3

No. 39-3). Plaintiff's claim is also belied by his own statement that "Ms. Krien made it very aware to medical staff to treat my situation of headaches as if caused by sinus issues." (Dkt. No. 57 at 2). Thus, there is no material issue of fact as to whether Plaintiff was seen and treated for his headaches, and Defendants are entitled to summary judgment.

Finally, Plaintiff asks that the Court to delay its ruling on the motion for summary judgment until he receives documents from a FOIA request. (Dkt. No. 57 at 3). The Court may defer considering a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 54(d). Plaintiff has failed to provide "specific reasons why discovery [is] necessary" and "failed to identify any information that [he] believe[s] would be adduced at discovery"; thus, the Court denies Plaintiff's request. *See Mercer v. Arc of Prince Georges Cnty., Inc.*, 532 Fed. App'x 392, 400 (4th Cir. 2013).

## B. Motion for Preliminary Injunction

Because Plaintiff is not likely to succeed on the merits of his case, his motion for preliminary injunction must be denied. *See Pashby v. Delia*, 709 F.3d 307, 320-21 (4th Cir. 2013) (holding Plaintiff must show each of the four *Winter* factors[2] to obtain a preliminary injunction).

---

[2] "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

## Conclusion

The Court **ADOPTS** the Magistrate Judge's Report and Recommendation, (Dkt. No. 53), as the order of this Court. Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 39) is **GRANTED**, and Plaintiff's Motion for Preliminary Injunction (Dkt. No. 38) is **DENIED**.

**IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

January 22, 2014
Charleston, South Carolina